Opinion of the Court, by
Horítblower, C. J.
It is true that by the third rule of practice, under the head of “ new trials, arguments &c.” (Bules &c. pages 13 and 14,) it is directed, that a copy of every notice of argument, with the date of the issue or motion to be argued, shall be filed with the clerk of this court, two days at least, before the term at which the same is to be argued. It is equally true, that in the case of Earl v. Burr, as reported in 7 Halst. R. 321, tnis court discharged the rule to show cause, because no notice of argument had been filed with the clerk, as required by tlie above mentioned rule. The reporter has not given us the circumstances of that case; and if for want of a notice to the clerk, the cause failed to obtain a place on the paper; or failed to obtain its proper place, that decision was right. But in the case now before us, the cause is on the paper, and it is on in "its proper place; and until the contrary appears, we must intend, it was put there by the clerk, or by his permission. The rule in question, was made for the convenience of the clerk. We require him to furnish us and the bar, with a list of the causes to be ar *53 gued, and to enable him to make that list in due season, and in the manner specified in the rule, we require the attorneys to file with him, copies of all notices of argument, with the dates of the issue or motions to be argued, at least two days before the term. This was required to be done for the comfort and convenience of the clerk, and it is a matter with which the adverse counsel have nothing to do, provided they have due notice of argument, and the cause occupies its proper place on the paper. The case of Earl v. Burr, therefore, so far as it may seem to conflict with this opinion, must be considered as overruled; and the motion on this ground is denied.
The second ground on which this motion is made, is more substantial. In Tillou v. Hutchinson, 1 Green’s R. 192, it was decided, that, although we have no written rule requiring it, the party obtaining a rule to show cause, must make out a state of the case, and furnish a copy of it, to the opposite party: and this must be done within a reasonable time after the rule has been obtained. If the parties cannot agree upon the state of the case, application should be made to the judge who tried the cause, to settle the case. A state of the case, may not be necessary, when the facts relied upon to support the rule, all appear by affidavits that have been taken upon notice, and duly filed with'the clerk. Bui when the rule to show cause, is founded on the evidence given at the trial, or upon what transpired in court, a state of the case must be drawn up, and furnished to the adverse party. This motion however, is denied, on the ground, that it comes too late. The cause has been noticed for argument twice before this, and if the plaintiff’s attorney intended to dismiss tne rule for want of a state of the case, he ought to have done so before. He may now take a rule on defendant’s attorney to furnish a state of the case, in thirty days; and in default thereof, that the rule to show cause be discharged with costs.

Motion denied.